UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES COX,

    Petitioner,                               Case No. 19-cv-12542
                                              Hon. Matthew F. Leitman

v.

MARK MCCULLICK,

    Respondent.

_____/

**<u>ORDER (1) GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS AND HOLD HABEAS PETITION IN ABEYANCE (ECF No. 8), (2) TERMINATING AS MOOT PETITIONER'S MOTION FOR EXTENSION OF TIME TO FILE REPLY BRIEF (ECF No. 14), (3) STAYING CASE PENDING EXHAUSTION OF STATE REMEDIES, AND (4) ADMINISTRATIVELY CLOSING CASE</u>**

Petitioner Charles Cox is a state prisoner in the custody of the Michigan Department of Corrections. On August 29, 2019, Cox filed a *pro se* petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254 (the "Petition"). (See Petition, ECF #1.) Respondent filed a response to the Petition on March 5, 2020, and Cox has filed a motion with the Court for an extension of time to file a reply brief (*see* Mot. for Extension of Time, ECF No. 14).

Also pending before the Court is Cox's motion to hold the Petition in abeyance while he seeks to exhaust state court remedies for several new claims. (*See*

1

Mot. to Stay Proceedings, ECF No. 8.) These claims include: (1) the prosecutor committed misconduct by allowing a witness to mislead the jury on critical facts, (2) Cox's trial counsel was ineffective for failing to impeach a witness's testimony, failing to object to identity testimony, failing to request an expert on cell phone records, failing to interview and call defense witnesses, and failing to object to photographs and video evidence, (3) the state trial court erroneously allowed the co-defendant's aunt to testify to Cox's statements, and (4) Cox was deprived of the ineffective assistance of appellate counsel when appellate counsel failed to raise these issues on direct review. (*See id.*)

State prisoners are required to give the state courts an opportunity to act on their claims before they present their claims to a federal court in a habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To avoid complications with the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1), a federal court may opt to stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings. See *Rhines v. Weber*, 544 U.S. 269, 278 (2005). After the petitioner exhausts his state remedies, the federal court may lift its stay and allow the petitioner to proceed in federal court. *See id*. at 275-76. The Court concludes that such a stay is warranted here because it will enable Cox to exhaust his state court

2

remedies for all of his claims without fear of violating the rule on second or successive petitions or the statute of limitations. There is no indication that Cox has been engaged in intentional dilatory actions or that his new claims are plainly meritless. The Court will therefore hold the Petition in abeyance while Cox attempts to exhaust his new claims in state court.

Accordingly, **IT IS HEREBY ORDERED** that Cox's motion to hold the Petition in abeyance while he pursues state remedies for his unexhausted claims (ECF No. 8) is **GRANTED**. This stay is conditioned upon Cox presenting his unexhausted claims to the state courts by filing a motion for relief from judgment in state trial court by no later than **September 30, 2020**. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002) (discussing similar procedure). If that court denies Cox's motion, he must seek timely review in the Michigan Court of Appeals and the Michigan Supreme Court in the manner provided under Michigan law. *See id.* The stay is further conditioned on Cox's return to this Court, with a motion to re-open and amend the Petition, using the same caption and case number included at the top of this order, within **60 days** of fully exhausting his state court remedies. If Cox fails to comply with any of the conditions described in this paragraph, the Court may dismiss his petition and/or rule only on his currently-exhausted claims. *See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

3

**IT IS FURTHER ORDERED** that the Clerk of the Court shall close this case for administrative purposes only. Nothing in this Order or the related docket entry shall be construed as an adjudication of any of Cox's claims. *See Sitto v. Bock*, 207 F.Supp.2d 668, 677 (E.D. Mich. 2002).

Finally, because the Court is allowing Cox to return to state court and to file an amended petition once he exhausts his state-court remedies, it will **TERMINATE AS MOOT**, and without prejudice, Cox's pending motion for an extension of time to file a reply brief in support of the Petition (ECF No. 14).

**IT IS SO ORDERED**.

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: May 11, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 11, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda  
Case Manager  
(810) 341-9764